UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REGINA BOND,

Plaintiff,

-v- 5:07-CV-172

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES: OF COUNSEL:

REGINA BOND, Plaintiff pro se
201 Bump Drive
Syracuse, NY 13209

OFFICE OF REGIONAL GENERAL COUNSEL SUZANNE M. HAYNES, ESQ.
SOCIAL SECURITY ADMINISTRATION REGION II
Attorneys for Defendant
26 Federal Plaza Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

## I. INTRODUCTION

This matter is brought pursuant to §§ 205(g) & 1631(b)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) & 1383(c)(3), to review a final determination of the Commissioner of Social Security denying the plaintiff Regina Bond's claim for Social Security Disability and Supplemental Security Income benefits. The Commissioner filed a brief and the Administrative Record on Appeal. Plaintiff did not file a brief. The matter has been submitted for decision without oral argument.

## II. BACKGROUND

Plaintiff filed an application for benefits on April 12, 2004, alleging an onset of disability as of June 15, 1996. Her application was denied and pursuant to her request a hearing before an Administrative Law Judge ("ALJ") was held on January 10, 2006. On August 25, 2006, the ALJ issued a decision denying plaintiff's application. The Appeals Council denied review on December 16, 2006, at which time the ALJ's decision became the decision of the Commissioner.

## III. DISCUSSION

### A. Standard of Review

The scope of a court's review of the Commissioner's final decision is limited to determinating whether the decision is supported by substantial evidence and the correct legal standards were applied. Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam) (citing Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).; Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987)). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Poupore, 566 F.3d at 305 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 715 S. Ct. 456, 464 (1951)). If the

commissioner's disability determination is supported by substantial evidence, that determination is conclusive. Id.

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. Martone, 70 F. Supp. 2d at 148 (citing Johnson, 817 F.2d at 986).

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see Martone, 70 F. Supp. 2d at 148. "Remand is appropriate where there are gaps in the record or further development of the evidence is needed," such as where new, material evidence has become available. 42 U.S.C. § 405(g); Martone, 70 F. Supp. 2d at 148 (citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)). A remand for rehearing directing the taking of additional evidence is warranted only if it is shown that new, material evidence "'and that there is good cause for the failure to incorporate such evidence into the record'" at the administrative hearing. Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 643-44 (2d Cir. 1983) (quoting 42 U.S.C. § 405(g), as amended in 1980)). Remand may also be appropriate if the Commissioner "misapplies the law or failed to provide a fair hearing." Id. at 644. However, where the underlying administrative decision is not supported by substantial evidence, reversal is appropriate because there would be no useful purpose in remanding the matter for further proceedings. Id. (reversing and remanding solely for calculation of benefits, subject to determination by the district court of any motion by the agency to remand to consider new evidence); Parker, 626 F.2d at 235 (reversing and remanding solely for calculation and payment of benefits);

Simmons v. United States R.R. Ret. Bd., 982 F.2d 49, 57 (2d Cir. 1992) (same); Williams, 859 F.2d at 261 (same).

**B. Disability Determination - The Five Step Evaluation Process**

The Social Security Act defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 423(d)(2)(A).

The Administrative Law Judge ("ALJ") must follow a five step evaluative process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520, 416.920. In the first step the ALJ must determine whether the claimant is engaging in substantial gainful activity. If the claimant is engaging in substantial gainful activity he is not disabled and he is not entitled to benefits. Id. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged is substantial gainful employment, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities. Id. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, then step three requires that the ALJ determine whether the impairment

meets or equals an impairment listed in Appendix 1 of the regulations. Id. §§ 404.1520(d), 416.920(d); see also id. Part 404, Subpt. P, App. 1. If so, then the claimant is “presumptively disabled.” Martone, 70 F. Supp. 2d at 149 (citing Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether the claimant’s residual functional capacity ("RFC") precludes the performance of his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the opinion of a treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record'" it is given significant weight. Poupore, 566 F3d. at 307 (quoting 20 C.F.R. § 404.1527(d)(2)). However, where the treating physician's opinion is not supported by medical evidence, it is not entitled to significant weight. Id.

The burden of proof with regard to the first four steps is on the claimant. Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); Ferraris, 728 F.2d at 584.

If it is determined that claimant cannot perform past relevant work, the burden shifts to the agency for the fifth and final step. Perez, 77 F.3d at 46. This step requires the agency to examine whether the claimant can do any type of work. 20 C.F.R. §§ 404.1520(g), 416.920(g). The regulations provide that "factors such as a claimant's age, education, and previous work experience" should be evaluated to determine whether a claimant has the residual functional capacity to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary." Perez, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2). "[T]he Commissioner need only show that there is work in the national economy

that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." Poupore, 566 F.3d at 306.

A claimant may seek review of an adverse decision by the ALJ from the Appeals Council. Perez, 77 F.3d at 44. If review is granted, the decision of the Appeals Council is the final decision of the Commissioner. Id. If review is denied, then the final decision is that of the ALJ. Id. The final decision is judicially reviewable pursuant to 42 U.S.C. § 405(g).

**C. Analysis**

Plaintiff, who was 28 years old at the time of the alleged onset of disability, is 5 feet 1-1/2 inches tall and weighs approximately 250 pounds. She smokes less than one pack of cigarettes per day and smokes crack cocaine on and off. She does not regularly consume alcohol. She completed ninth grade. Bond alleges disability due to human immunodeficiency virus ("HIV"), asthma, depression, anxiety, panic attacks, and a heart attack in July 2004.

The ALJ determined that Bond has not performed any substantial gainful activity since her alleged onset date of June 15, 1996. He found that her obesity, substance abuse, asthma, and anxiety/panic disorder with agoraphobia were severe impairments. However, he found that reflux disease, coronary artery disease and cholesterol were not severe impairments. After giving special consideration to Listings 3.03, 12.04, 12.06, 12.09, and 14.08 of Part 404, Subpt. P, App. 1, the ALJ found that plaintiff's impairments did not meet or equal any of the listings.

Next the ALJ determined that plaintiff had the Residual Functional Capacity ("RFC") to work at all exertional levels with restrictions of avoiding respiratory irritants, sharp objects, and more than moderate stress.

In determining plaintiff's RFC, the ALJ gave little weight to the report of Dr. Robert J. Lenox dated December 16, 2003, because the opinion was contradicted by other evidence and the testimony of plaintiff's mother. Dr. Lenox opined that plaintiff could not work due to asthma, for which she was being treated. (Tr.[1] at 190-91.) However, medical evidence in the record such as from plaintiff's treating physician, id. at 136-189, indicate her asthma was well-controlled except in limited circumstances when there was an exacerbation. Plaintiff's mother Charlene Revette testified at the hearing before the ALJ that plaintiff did quite a bit of walking. Id. at 609. However, she qualified this by also stating that plaintiff did not take long walks because of breathing difficulties, and sometimes had to stop and rest. Id. at 610.

Tudor Liminita, a physician's assistant, opined on April 6, 2004, that Bond suffered from uncontrolled asthma and morbid obesity, but that between episodes of asthma exacerbation she could work, depending upon the type of work. Id. at 192-99. He opined that Bond could work part time with restrictions on weight lifting, pushing, and exposure to dust, fumes, chemicals, and temperature extremes. Id. The ALJ gave some weight to Liminita's opinion because he was an examining source.

The opinion of Jean Shook, R.N. dated May 10, 2004, that plaintiff was not able to work due to psychotic symptoms was rejected because there is no other evidence of psychotic episodes in the record. See id. at 200. Further, Nurse Shook was not an acceptable medical source as defined in 20 C.F.R. §§ 404.1513, 416.913.

The ALJ reduced the weight of Dr. Berton Shayevitz's opinion that plaintiff was markedly limited due to her asthma because he only provided a consultation and much of his

---

[1] "Tr." references the Administrative Transcript.

opinion was based upon Bond's relation to him of her symptoms, and her credibility was questionable. (See Tr. at 201-210.) For example, at the hearing before the ALJ, Bond testified that she used cocaine on and off for a few years (as well as marijuana years ago), see, e.g., id. at 587-88, however she denied the use of street drugs when providing her history to Dr. Shayevitz, id. at 202.

Dennis M. Noia, M.D. conducted a psychiatric consultative examination in June 2004. Based upon this examination, Dr. Noia opined that Bond could understand and follow simple instructions and directions, perform simple and some complex tasks with supervision and independently, maintain attention and concentration for tasks, attend a routine and maintain a schedule, learn new tasks, make appropriate decisions, and was able to relate to and interact appropriately with others. Id. at 214. Dr. Noia further opined that plaintiff may have difficulties dealing with stress. Id. The ALJ gave this opinion substantial weight because it was uncontradicted.

The ALJ gave some weight to the September 2004 state agency disability analyst's opinion that Bond could lift 20 pounds occasionally, 10 pounds frequently, and stand and/or walk 6 hours and sit 6 hours in an 8-hour day. Id. at 241. In March 2005 a state agency review physician opined that Bond was moderately limited in her ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, work on coordination with or proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors and respond appropriately to changes in the work setting. Id. at 260-61. The

ALJ acknowledged that such an opinion must be treated as expert opinion evidence of a non-examining source pursuant to Social Security Ruling 96-6p.

The ALJ properly gave controlling weight to the opinion of James T. Connelly, M.D., plaintiff's treating cardiologist. Dr. Connelly opined on May 26, 2005, that Bond had no exertional limitations such as lifting, standing, pushing and pulling; no postural limitations in that she could frequently perform functions such as climbing, balancing, crawling, and stooping; no manipulative or visual/communicative limitations; and environmental limitations on exposure to dust, fumes, odors, chemicals, and gases due to asthma. Id. at 348-50.

On June 21, 2005, a licensed clinical social worker did a global assessment of Bond's functioning, upon her incarceration in the Onondaga County Justice Center. Bond reported using crack cocaine that day and she had a blood alcohol content of 0.08. Id. at 353. The assessment resulted in a score of 55, id. at 361, indicating moderate symptoms or moderate difficulty in social and occupational functioning. The ALJ gave some weight to this opinion, although it was given by a non-acceptable medical source, because it was consistent with plaintiff's claimed moderate symptoms and the opinion of the Orange County Health Department. See id. at 454-517.

Based upon the foregoing medical sources and the testimony of the vocational expert, the ALJ determined that because of the exertional and non-exertional limitations, Bond could not perform any past relevant work. The ALJ noted that plaintiff was 28 years old on the disability onset date, defined as a younger individual, such that transferability of job skills is not an issue. He also noted that Bond has a limited education but is able to communicate in English. The ALJ then referred to the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404 Subpt. P, App. 2.

Because Bond has limitations on the requirements of work at all exertional levels, the ALJ consulted a vocational expert for an opinion on whether jobs exist in the national economy for her in light of her age, education, work, experience, and RFC. The vocational expert testified that plaintiff could perform the job of surveillance systems monitor (unskilled, sedentary), which exists in significant numbers in the national economy. The ALJ found the vocational expert's testimony to be consistent with information in the Dictionary of Occupational Titles, and therefore concluded the because work exists in the national economy that plaintiff can do, she is not disabled.

## IV. CONCLUSION

As set forth above, substantial evidence supports the ALJ's findings as follows: (1) Bond has had not substantial gainful activity since her alleged onset of disability; (2) she has severe impairments of obesity, substance abuse, asthma, and anxiety/panic disorder with agoraphobia (but reflux, coronary artery disease, and high cholesterol are not severe impairments); (3) her impairments did not meet or equal a listing; (4) she cannot perform her past relevant work; and (5) she has an RFC sufficient to do work at all exertional levels with limitations due to her asthma and psychological problems, and that work exists in the national economy that she can do. Moreover, the ALJ followed the proper legal standards. In sum, there is no basis upon which to overturn the final decision of the Commissioner denying plaintiff benefits.

Accordingly, it is ORDERED that

1. The Commissioner's decision denying plaintiff Regina Bond benefits is AFFIRMED; and

2. The complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

United States District Judge

Dated: December 16, 2009
Utica, New York.